Nathan R. Ring
OSB # 172663
**STRANCH JENNINGS & GARVEY, PLLC**
3100 W. Charleston, Ste.208
Las Vegas, NV 89102
Telephone: 725-235-9750
lasvegas@stranchlaw.com

J. Gerard Stranch, IV*
Grayson Wells*
Michael Tackeff*
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801

Jason T. Dennett*
**MILBERG, PLLC**
1700 7th Ave, Suite 2100
Seattle, WA 98101
Telephone: (516) 515-9124
jdennett@milberg.com

*Pro hac vice application forthcoming*

[Additional counsel listed on signature page]

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMBER DOWNS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff | Case No. 3:26-cv-01008-JR<br><br>PLAINTIFFS' JOINT UNOPPOSED MOTION TO CONSOLIDATE RELATED |

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 1

<table>
<tr><td>vs.</td><td>ACTIONS AND FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL</td></tr>
</table>

|  |  |
|---|---|
| vs. | ACTIONS AND FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL |
| ADIDAS AMERICA, INC., Defendant. | |
| CHRIS HUFANA, LAKENYA LEE, PAUL QUINN, SONYA ALLEN, and NICOLE ST. GEORGE, individually and on behalf of all others similarly situated, Plaintiffs, vs. ADIDAS AMERICA, INC., Defendant. | Case No. 3:26-cv-01033-JR |
| AARON PARISI and CARLOS ARIS, individually and on behalf of all others similarly situated, Plaintiffs, vs. ADIDAS AMERICA, INC., Defendant. | Case No. 3:26-cv-01079-JR |

## **MOTION**

Plaintiffs, Amber Downs, Chris Hufana, Lakenya Lee, Paul Quinn, Sonya Allen, Nicole St. George, Aaron Parisi, and Carlos Aris (collectively, "Plaintiffs") respectfully and jointly move:

(1) Under Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 42, to consolidate the above-captioned related actions;

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 2

(2) Under Rule 23(g), to appoint Jason Dennett of Milberg PLLC ("Milberg"), and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Interim Co-Lead Class Counsel in the consolidated action; and

(3) To set deadlines to (a) file a consolidated complaint and (b) for Adidas America, Inc. ("Adidas" or "Defendant")'s response to that complaint.

Adidas agrees to consolidation and the proposed deadlines and takes no position on appointment of interim class counsel.  In support hereof, Plaintiffs in the above captioned cases state as follows:

## I.    INTRODUCTION

There are currently three federal class action cases against Adidas pending in this District. The first-filed action, *Downs v. Adidas America, Inc.*, Case No. 3:26-cv-01008-JR (the "Downs Action")*,* was filed on May 20, 2026. The second-filed action, *Hufana, et al. v. Adidas America, Inc.*, Case No. 3:26-cv-01033-JR (the "Hufana Action") was filed two days later, on May 22, 2026. The third-filed action, *Parisi, et al. v. Adidas America, Inc.*, Case No. 3:26-cv-01079-JR (the "Parisi Action") was filed seven days later, on May 29, 2026. All three cases are currently pending in front of Judge Jolie A. Russo. These three cases make nearly identical factual allegations against Defendant regarding the tariff charges and fees it assessed individuals pursuant to the International Emergency Economic Powers Act ("IEEPA"). All three cases bring overlapping claims, rely on the similar legal theories, against the same Defendant, and bring claims on behalf of virtually identical Classes.[1]

---

[1] All three cases bring claims for, *inter alia*, unjust enrichment, money had and received, and declaratory judgments, and allege a nationwide class for money charged pursuant to the IEEPA.

Because the disposition of each claim will turn on the adjudication of the same issues and the same conduct, consolidation under Rule 42 regarding the Adidas cases is warranted. The related actions easily satisfy the prerequisites for consolidation as: (i) they involve common issues of fact or law; (ii) consolidation will result in a more efficient process for this Court, counsel, and the witnesses who will be called upon to testify at deposition and trial; and (iii) no prejudice will result.

To further promote litigation economy and efficiency and avoid undue delay, and pursuant to Rule 23(g), Plaintiffs move for the appointment Jason Dennett and J. Gerard Stranch, IV as Interim Co-Lead Class Counsel in the consolidated action. Plaintiffs and their counsel in these related actions pending before this Court unanimously agree to consolidation and the proposed leadership structure.

## II.    ARGUMENT

### A.    Consolidation of the Actions Is Warranted

Rule 42(a) authorizes a court to consolidate separate actions if the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a). "[A] district court has broad discretion under Rule 42 to consolidate cases pending in the same district." *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398 *1 (D. Or. Oct. 3, 2014).[2] "In determining whether to consolidate cases, the court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Id*. Here, the Court should exercise its discretion to consolidate the *Downs*, *Hufana*, and *Parisi* Actions because the actions involve common issues of fact and law, would result in an efficient process, and would not prejudice any party.

---

[2] Internal citations are omitted throughout, unless otherwise noted.

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 4

### 1.    The Actions Share Numerous Common Factual and Legal Issues

Rule 42(a) requires that, for consolidation, cases must involve "a common question of law or fact."  Fed. R. Civ. P 42(a). This is plainly met here. Plaintiffs in the *Downs*, *Hufana*, and *Parisi* Actions allege that Defendant passed on IEEPA tariff fees to individual consumers, and that the Supreme Court has held the IEEPA "does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, 607 U.S. __, 146 S. Ct. 628, 646 (2026). All three cases likewise assert that Defendant's actions equate to unjust enrichment and inequitable possession and retention of monies to which it is not entitled. Therefore, all three cases center around the same conduct with nearly identical facts and seek identical remedies.

Courts routinely consolidate cases when two or more cases assert similar facts and theories of recovery.  *See*, *e.g.*, *Backe v. Novatel Wireless, Inc.*, 2008 WL 5214262, at *2 (S.D. Cal. Dec. 10, 2008) (where "the related actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to both lawsuits"); *see also Burnett v. Rowzee*, 2007 WL 4191991, at *3 (C.D. Cal. Nov. 7, 2007) (after finding a common factual issue, holding "[t]he real risk of inconsistent judgments arises if the parties are allowed to proceed with dispositive motions or trial in an uncoordinated manner"); *see also Felix v. Symantec Corp.*, 2018 WL 4029053, at *2 (N.D. Cal. Aug. 23, 2018) (Fed. R. Civ. P. 42(a) "does not require the complaints to be identical for purposes of consolidation").

### 2.    Consolidation Will Further the Convenience of the Parties and Witnesses

In this case, consolidation is highly appropriate as there are virtually no costs in consolidation, only substantial benefits. For example, Plaintiffs anticipate that they will seek to depose the same individuals from Defendant and the production of substantially the same

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 5

documents.  Without consolidation, there will be duplicative discovery demands and the possibility of inconsistent adjudication on a number of issues, including class certification. Consolidation will solve this problem by enabling a single judge with all the parties present to formulate a pretrial plan that will minimize witness inconvenience and overall expense for all parties. Obviously, the savings in time and expense that will result from consolidation will benefit Plaintiffs as well as Defendant.

### 3.      Consolidation Will Not Prejudice Any Party

None of the parties in these cases will be prejudiced by consolidation. The complaints have been recently filed and none of the three cases have proceeded to a point where consolidation would create an undue delay. *See also* LR-42 ("It is the responsibility of counsel to identify complex or related cases and bring the matter promptly to the attention of the Court."). Moreover, if consolidation is ordered now, then it creates a path to consolidate and manage any subsequently filed cases, at the start.

If the cases are not consolidated, the *Downs*, *Hufana*, and *Parisi* Actions and subsequently filed related cases, if any, would be required to make legal and factual determinations regarding the legality of Adidas's charges and the appropriate remedies in each individual case, creating unnecessary work for all parties and the Court.

The cases before this Court therefore have identical fact patterns and common questions of law and fact. Plaintiffs submit that the Court would benefit from having a single judge oversee one consolidated case to avoid duplicative efforts and inconsistent rulings and to ensure an orderly disposition of these and any future-filed related actions.  This is in keeping with Rule 42(a).

Plaintiffs have consulted with Defendant regarding consolidation, and Defendant agrees that consolidation under Rule 42(a) is appropriate.  Defendant takes no position on leadership.

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 6

B.    **The Appointment of Interim Co-Lead Class Counsel is in the Best Interests of the Putative Class**

Rule 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Whether to appoint interim class counsel "is discretionary and particularly suited to complex actions." *Smith v. Kaye-Smith Enterprises, Inc.*, 2023 WL 11959471, at *2 (D. Or. Jan. 6, 2023). If appointment is deemed appropriate, the Court "then looks to the factors set out in Rule 23(g)(1)—which govern the appointment of post-certification class counsel—to assess the adequacy of the proposed interim class counsel." *Id*. These factors include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Here, Proposed Interim Co-Lead Class Counsel meet all requirements for appointment under Rule 23(g)(1).

1.    **Proposed Interim Co-Lead Class Counsel are qualified and resourced to serve in that capacity**

Milberg, PLLC and Stranch, Jennings & Garvey, PLLC are all well-qualified to serve as Interim Co-Lead Class Counsel due to their requisite experience, specialized knowledge, and resources to skillfully and efficiently prosecute this litigation.

i.    **Jason T. Dennett – Milberg, PLLC**

Jason T. Dennett is a partner in Milberg, PLLC's Seattle office. In 25 years of practice, he has served as lead or co-lead class counsel in consumer protection, data privacy, product liability,

and securities class actions. Declaration of Jason T. Dennett in Support of Motion to Consolidate and Appoint Lead Counsel ("Dennett Decl.") ¶ 3. Mr. Dennett has tried dozens of cases to verdict in state and federal courts and arbitration forums in diverse areas including securities, trade secrets, commercial disputes, and trusts. *Id.* ¶ 4.

Since Milberg's founding in 1965, it has led landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Dennett Decl. Ex. A. The firm pioneered federal litigation and is widely recognized as a leader in defending the rights of victims of corporate wrongdoing. *Id.* ¶ 2. Milberg has more than 100 attorneys and has offices across the U.S. and the European Union. *Id.*

### ii.  J. Gerard Stranch, IV – Stranch, Jennings & Garvey, PLLC

Mr. Stranch is a third-generation trial lawyer and the founding and managing member of SJG, the largest and most successful Tennessee-based class action firm. Mr. Stranch has a national practice. He was the lead trial attorney and managed over twenty attorneys plus paralegals and clerks for the *Sullivan Baby Doe* opioids case against Purdue Pharmaceuticals, Malinkrodt, and Endo Health Solutions and Endo Pharmaceuticals, Inc. (*Staubus v. Purdue Pharma LP*, No. C41916-C (Tenn. Cir. Ct.)), which resulted in two bankruptcies that included multi-billion dollar national settlement deals for Purdue Pharma and Malinkrodt, and a default judgment on liability against Endo for repeated discovery violations. The landmark case settled as the parties were picking a jury for $35 million, the largest per capita recovery against Endo by multiple orders of magnitude.

Mr. Stranch's reputation for quality litigation and his ability to work fairly and cooperatively with co-counsel led to his selection from the hundreds of lawyers in the *In re National Prescription Opiate Litigation* MDL to serve and to be appointed as one of only three

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 8

lawyers in private practice as class counsel for the Negotiation Class. Moreover, Mr. Stranch was appointed to serve on the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 15-MD-02672 (N.D. Cal.), which resulted in approximately $17 billion in settlements, believed to be the largest consumer class actions settlement in history. He was co-lead counsel in *In re Alpha Corp. Securities Litigation*, which resulted in a $161 million settlement, and lead counsel in *Lankford v. Dow Chemical* (consumer protection class action), which resulted in a $4.2 million settlement. He helped obtain a $590.5 million settlement while serving on the executive committee in *Dahl v. Bain Capital Partners* (antitrust), and served as liaison counsel in *In re Regions Morgan Keegan Closed-End Fund Litigation*, resulting in a $62 million settlement. Furthermore, he was appointed to the Plaintiff Steering Committee for the *In re New England Compounding Pharmacy, Inc. Products Liability Litigation* MDL and the lawyer in charge of coordinating all Tennessee litigation, which was all resolved for over $230 million. Finally, Mr. Stranch's NEC litigation team achieved a $495 million jury verdict in the first trial against Abbott Laboratories in Saint Louis and the verdict was recently upheld by the Court of Appeals.

Mr. Stranch regularly litigates complex class actions in Tennessee state and federal courts, including as noted above. For recent examples, he was appointed Interim Co-Lead Counsel in *In re HCA Healthcare, Inc. Data Security Litigation* (M.D. Tenn.), in which millions of patients' data was disclosed. Moreover, Mr. Stranch was appointed Interim Lead Counsel in *Ducrepin v. United Seating & Mobility* (M.D. Tenn.). And he was appointed Interim Lead Counsel in *Smith v. Specialty Networks, LLC*, No. 1:24-cv-286 (E.D. Tenn.). Mr. Stranch's extensive experience in class action litigation makes him superbly qualified to serve as Interim Lead Counsel. In recognition of Mr. Stranch's experience, he was asked to speak on a Panel at The 2025 Sixth

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 9

Circuit Court of Appeals annual conference in Memphis on MDL litigation. Mr. Stranch has already devoted significant work to this case. He has been investigating the claims and underlying facts in this case since before the various complaints were filed. Lastly, Mr. Stranch and SJG have the necessary significant resources to devote to prosecuting this litigation without any outside funding.

**2.      Proposed Interim Co-Lead Class Counsel Performed Substantial Work Investigating This Action**

Courts may consider the work and resources counsel expend in investigating the claims asserted when appointing lead counsel. *See, e.g., In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 701 (S.D. Fla. 2004) (listing "the work counsel has done in identifying or investigating potential claims" as a factor in evaluating adequacy of counsel); *Adedipe v. U.S. Bank, Nat'l Ass'n*, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel in part because they "devoted the more substantial effort toward pre-suit investigation and identification of claims").

Here, Proposed Interim Class Counsel filed the first of the related actions, and their proposed team includes counsel for two of the actions filed thus far. Before filing their respective complaints, Proposed Interim Co-Lead Class Counsel interviewed prospective clients, investigated the facts surrounding the controversy, and analyzed the merits of the class claims. Since filing, they voluntarily self-organized and agreed on a plan to manage and consolidate the related actions. To ensure the orderly progress of the actions, they have also communicated with defense counsel concerning early case management issues Moreover, Proposed Interim Co-Lead Class Counsel worked quickly to organize in order to avoid any delay that could result from multiple similar

cases filed in the same District and will continue to address the merits of the case as expeditiously as possible.

Accordingly, the meaningful work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Rule 23(g)(3)—they are organized, unified, and committed to working together for the best interests of the class.

### 3.　　Proposed Interim Class Counsel Have Relevant Experience and Knowledge

A primary factor in selecting interim counsel is the experience, skill, and knowledge and familiarity with the relevant law. *See, e.g., In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022). Courts have found that proposed leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *In re Lenovo Adware Litig.*, 2015 WL 10890657, at *2 (N.D. Cal. Jul. 27, 2015) (finding class-action and complex litigation leadership experience relevant for appointment).

Here, Proposed Interim Class Counsel all possess the requisite experience, skill, and knowledge to prosecute this case. *See* Dennet Decl. at ¶ 5; Stranch Decl. at ¶ 5.

### 4.　　Other Factors Support the Requested Appointment

*First*, the proposed leadership has the support of all Plaintiffs with cases in this District, and their pro-active willingness and effort to work cooperatively support the requested appointment. *See Medlock v. Taco Bell Corp.*, 2009 WL 1444343, at *6 (E.D. Cal. May 19, 2009) ("The court should always encourage the parties to agree on lead counsel, while imposing its own choice only in extraordinary circumstances.") (quoting Herbert B. Newberg & Albert Conte, *Newberg on Class Actions* §9.35 (3d ed. 1992)); *In re Aluminum Phosphide Antitrust Litig.*, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their

counsel."); *see also In re Wendy's Co. S'holder Deriv. Litig.*, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel."); *Moehrl v. Nat'l Ass'n of Realtors*, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) ("And all Plaintiffs in this action have consented to the proposed leadership structure."); *Manual for Complex Litigation, Fourth* ("MCL") § 10.22 (2004) (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"); *id.* § 10.272 (describing "private ordering" approach). Indeed, as noted above, Proposed Interim Co-Lead Class Counsel moved quickly to consolidate and establish a leadership structure to avoid inefficiencies and any delay prosecuting this matter.

*Second*, Proposed Interim Co-Lead Class Counsel have the resources to litigate this action. Proposed Interim Class Counsel hail from respected Plaintiffs' class action firms and stand ready to dedicate the necessary resources to guide the present case through motion practice, discovery, class certification, and trial. *See* Dennet Decl. at ¶ 5; Stranch Decl. at ¶ 5.

*Third*, yet another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See* Manual § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id.* The plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting, and inefficiencies.

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 12

Here, Proposed Interim Co-Lead Class Counsel's firms are suited to jointly prosecute this case because they each have demonstrated the ability to work with co-counsel, and each other, to prosecute complex cases. Proposed Interim Co-Lead Class Counsel recognize the Court's expectation to prosecute this case zealously, efficiently, and without duplication. Accordingly, they have and will continue to discuss how best to organize and use our diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing. Further, Proposed Interim Co-Lead Class Counsel have associated with additional counsel listed herein, and have committed to work collaboratively with each other.

In sum, Proposed Interim Class Counsel have investigated the claims at issue, have extensive data breach and privacy class action experience and knowledge of the applicable law, are willing to commit the resources necessary to litigate this case on Plaintiffs' and the class's behalf, and can work as a team.  As such, appointment is, respectfully, warranted in this case.

**C.      Plaintiffs have worked with Adidas to propose initial case deadlines.**

For efficiency, Plaintiffs agree that Adidas should not be required to answer the filed complaints while this motion is pending. Plaintiffs request 30 days from the ruling on this motion to file a consolidated complaint and that:

(a)      Adidas be given 60 days from the filing of Plaintiffs' consolidated complaint to file a responsive pleading;

(b)      Plaintiffs be given 45 days to oppose; and

(c)      Adidas be given 30 days to reply.

## III.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court: (i) consolidate the *Downs*, *Hufana*, and *Parisi* Actions, and any later-filed related cases for all further proceedings; (ii) grant Plaintiffs 30 days to file a consolidated complaint; (iii) appoint Jason T. Dennett of Milberg and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Interim Co-Lead Class Counsel in the consolidated action; (iv) grant Adidas 60 days to file a responsive pleading to the consolidated complaint and (v) grant such other and further relief as the Court deems just and proper.

DATED:  June 23, 2026

By: */s/ Michael Tackeff*
J. Gerard Stranch, IV*
Grayson Wells*
Michael Tackeff (*pro hac vice*)
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801

Nathan R. Ring, OSB # 172663
**STRANCH JENNINGS & GARVEY, PLLC**
3100 W. Charleston, Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750
lasvegas@stranchlaw.com

*Attorneys for Plaintiff Amber Downs &*
*Proposed Class*

By: */s/ Kaleigh N. Boyd*
Kaleigh N. Boyd, OSB # 253094
**MCNAUL EBEL PLLC**
600 University Street, Suite 2700
Seattle, WA 98101
Tel: (206) 467-1816
kboyd@mcnaul.com

M. Anderson Berry*
Timothy Emery*
Brook Garberding*
Gregory Haroutunian*
Brandon P. Jack*
**EMERY REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: 916.823.6955
anderson@emeryreddy.com
emeryt@emeryreddy.com
brook@emeryreddy.com
gregory@emeryreddy.com
brandon@emeryreddy.com

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 15

Terence R. Coates*
Jonathan T. Deters*
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
tcoates@msdlegal.com
jdeters@msdlegal.com

*Attorneys for Plaintiffs Chris Hufana, Lakenya Lee, Paul Quinn, Sonya Allen, Nicole St. Goerge, & Proposed Class*

By: */s/ Kaleigh N. Boyd*
Kaleigh N. Boyd, OSB # 253094
**MCNAUL EBEL PLLC**
600 University Street, Suite 2700
Seattle, WA 98101
Tel: (206) 467-1816
kboyd@mcnaul.com

Jason T. Dennett*
**MILBERG, PLLC**
1700 7th Ave, Suite 2100
Seattle, WA 98101
Telephone: (516) 515-9124
jdennett@milberg.com

Gary M. Klinger*
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866.252.0878
gklinger@milberg.com

Zachary Arbitman*
Nicole A. Maruzzi*
**FELDMAN SHEPHERD
WOHLGELERNTER TANNER
WEINSTOCK & DODIG, LLP**
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Telephone: (215) 567-8300
zarbitman@feldmanshepherd.com
nmaruzzi@feldmanshepherd.com

PLS' UNOPPOSED MOTION TO
CONSOLIDATE AND FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL  - 16

*Attorneys for Plaintiff Aaron Parisi, Carlos Aris & Proposed Class*

*\*Pro hac vice application forthcoming*